UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. *3:04CV66-H*

*FILED US*
*US DISTRICT COURT CLERK*
*WESTERN DISTRICT OF KY*

*04 FEB -2 AM II: 03*

TRINA LYNN WEBB
3516 Terrace Springs Drive, Apartment 201
Louisville, Kentucky 40245
                                                                                    PLAINTIFF


vs.                                          **COMPLAINT**


BOB SMITH CHEVROLET, INC.
10500 Westport Road
P.O. Box 43489
Louisville, Kentucky 40243

          SERVE:     Linda G. Wright
                     Registered Agent
                     10500 Westport Road
                     Louisville, Kentucky 40241

and

UNKNOWN PERSONS                                              DEFENDANTS

                    *     *     *     *     *

Comes the Plaintiff, Trina Lynn Webb, by counsel, and for her Complaint against Bob Smith

Chevrolet, Inc. and Unknown Persons (collectively, the *"Defendants"* unless otherwise specified

herein), states as follows:

### INTRODUCTION

1.     This lawsuit involves the willful, knowing, and/or negligent violation of the Fair

Credit Reporting Act, 15 U.S.C. §1681 et seq., which relates to the dissemination of consumer credit

and other financial information ("*FCRA*").

1

## PARTIES

2.      Plaintiff restates and reiterates herein all previous paragraphs.

3.      At all pertinent times, Plaintiff was and remains an individual domiciled in Louisville, Kentucky.

4.      At all pertinent times, Bob Smith Chevrolet, Inc. was and remains a corporation organized under the laws of Delaware and registered to do business in Kentucky, with its principal place of business being located in Jefferson County ("*Company*").

5.      Based on information and belief, Company is both a "person" and a "user" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

6.      At all pertinent times, Trans Union, LLC was and remains a limited liability company organized under the laws of and registered to do business in Delaware, with its principal place of business being located in Illinois ("*CRA*").

7.      Based on information and belief, CRA is both a "person" and a "consumer reporting agency," as said terms are defined under the FCRA.

8.      Based upon information and belief, prior to September 28, 2002, Company and CRA entered into a written subscriber agreement in which CRA agreed to, among other things, provide "consumer reports" (as said term is defined under the FCRA) to Company for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

9.      Based on information and belief, at all pertinent times Unknown Persons were and remain citizens of Kentucky (or some other state) and resided in a county or counties therein. Based upon information and belief, Unknown Persons were employees and agents of Company engaged by Company for the purpose of office administration and/or tasks related to Company's business,

and had access to computer hardware and software allowing them to, among other things, request

and obtain consumer credit and other financial information on behalf of or for the benefit of

Company.

10.     Based on information and belief, Unknown Persons are both "persons" and "natural

persons," as said terms are contemplated and defined under the FCRA, respectively.

11.     Based on information and belief, at all pertinent times there was and remains a

principal-agent relationship between Unknown Persons and Company regarding Unknown Persons'

request of consumer reports for and on behalf of Company, and Unknown Persons were and remain

the agents of their principal, Company.

## JURISDICTION AND VENUE

12.     Plaintiff restates and reiterates herein all previous paragraphs.

13.     The claims asserted herein arise under and pursuant to 15 U.S.C. §1681 et seq. and

this Court's pendant state law claim jurisdiction.

14.     This Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p

and 28 U.S.C. §1331.

15.     Venue is properly laid in this district pursuant to 15 U.S.C. §1681p and 28 U.S.C.

§1391(b) and (c).

## FACTUAL ALLEGATIONS

16.     Plaintiff restates and reiterates herein all previous paragraphs.

17.     On or around July 15, 2001, Plaintiff applied for employment with Company and

completed a portion of an employment application supplied by Company on or around such date, a

redacted copy of which is attached hereto as Exhibit 1 (*"Application"*).

18.     According to that portion of the Application entitled "Applicant's Statement," a person that signs the "Applicant's Statement" authorizes Company to "investigate my driving record, my criminal record and my credit history."

19.     The "Applicant's Statement" contained on the Application does not bear the signature of the Plaintiff or any other person.

20.     When Plaintiff completed a portion of the Application, she refused to sign the "Applicant's Statement" on the Application and authorize Company to, among other things, obtain and use her consumer report or otherwise investigate her credit history.  The basis of Plaintiff's refusal to sign was her desire that Company not review her consumer report or credit history.

21.     Notwithstanding Plaintiff's refusal to sign the "Applicant's Statement" on the Application, Plaintiff began working for Company on or around July 18, 2001.

22.     On or around August 26, 2002, Plaintiff voluntarily resigned her employment with Company and terminated her employment relationship with Company.

23.     After being promised terms of employment different and more beneficial than the terms she worked under prior to her voluntary resignation on or around August 26, 2002, Plaintiff began working for Company again on or around September 29, 2002.

24.     In or around February 2003, Plaintiff again voluntarily resigned her employment with Company and terminated her employment relationship with Company.

25.     According to the FCRA, a consumer reporting agency may not furnish a consumer report for employment purposes unless the person who obtains such report from the agency certifies to the agency as follows:

> (i)     the person has complied with 15 U.S.C. §1681b(b)(2) with respect to the consumer report, and the person will comply with 15 U.S.C. §1681b(b)(3) if that section of the FCRA is applicable; and

(ii)     information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation.

26.     According to the FCRA, a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer unless:

(i)      a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

27.     Based on information and belief, on or around September 28, 2002, Company requested, obtained and used Plaintiff's consumer report from CRA and CRA provided (by computer or otherwise) Plaintiff's consumer report to Company.

28.     Based on information and belief, Company may claim that it obtained Plaintiff's consumer report on or around September 28, 2002 for employment purposes and in connection with Plaintiff's employment with Company.

29.     Based on information and belief, Company may claim that it used Plaintiff's consumer report on or around September 28, 2002 for employment purposes and in connection with Plaintiff's employment with Company.

30.     Based on information and belief, Company did not provide the certifications set forth in Paragraph 25 of this Complaint and as required by 15 U.S.C. §1681b of the FCRA.

31.     Based on information and belief, Company did not provide to Plaintiff a "clear and conspicuous disclosure . . . in writing . . . in a document that consists solely of the disclosure [stating] that a consumer report may be obtained for employment purposes" prior to its request and

5

receipt of Plaintiff's consumer report on or around September 28, 2002, and therefore Company violated the FCRA.

32.     Based on information and belief, Plaintiff did not authorize (in writing) Company to obtain her consumer report prior to its request and receipt of Plaintiff's consumer report on or around September 28, 2002, and therefore Company violated the FCRA.

33.     Based on information and belief, Company did not have a lawful purpose for requesting, obtaining or using Plaintiff's consumer report from CRA, and therefore Company violated the FCRA.

34.     Based on information and belief, Unknown Persons, while acting for and on behalf of Company and while performing activities within the scope of their business relationship with Company, requested, obtained and used Plaintiff's consumer report on or around September 28, 2002.

35.     Based on information and belief, Unknown Persons did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from CRA, and therefore Unknown Persons violated the FCRA.

36.     Company's failure to comply with the FCRA with respect to the certification, disclosure, and authorization requirements set forth at 15 U.S.C. §1681b(b) of the FCRA was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA. As a result of said conduct by Company, Plaintiff has been damaged.

37.     In the alternative, Company's failure to comply with the FCRA with respect to the certification, disclosure, and authorization requirements set forth at 15 U.S.C. §1681b(b) of the FCRA was willful, as contemplated under 15 U.S.C. §1681n of the FCRA. As a result of said conduct by Company, Plaintiff has been damaged.

38.    Company's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer report was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA.  As a result of said conduct by Company, Plaintiff has been damaged.

39.    In the alternative, Company's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer report was willful, as contemplated under 15 U.S.C. §1681n of the FCRA.  As a result of said conduct by Company, Plaintiff has been damaged.

40.    Unknown Persons' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer report was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA.  As a result of said conduct by Unknown Persons, Plaintiff has been damaged.

41.    In the alternative, Unknown Persons' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer report was willful, as contemplated under 15 U.S.C. §1681n of the FCRA.  As a result of said conduct by Unknown Persons, Plaintiff has been damaged.

42.    In the alternative, Unknown Persons' request, acquisition and use of the Plaintiff's consumer report constituted the receipt of information on a consumer from a consumer reporting agency under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. §1681n of the FCRA.  As a result of said conduct by Unknown Persons, Plaintiff has been damaged.

## COUNT ONE

43.    Plaintiff restates and reiterates herein all previous paragraphs.

44.    Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the

failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorneys' fees.

45.     As a result of Defendants' negligent failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

## COUNT TWO

46.     Plaintiff restates and reiterates herein all previous paragraphs.

47.     Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

48.     As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## COUNT THREE

49.     Plaintiff restates and reiterates herein all previous paragraphs.

50.     Pursuant to 15 U.S.C. §1681n, any natural person who obtains a consumer report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. §1681b is liable

to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

51.     As a result of Unknown Persons' request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, Unknown Persons are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

## COUNT FOUR

52.     Plaintiff restates and reiterates herein all previous paragraphs.

53.     Defendants' conduct, as described herein, constituted an invasion of Plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff, and has damaged Plaintiff.

54.     Defendants' conduct, as described herein, constitutes an unlawful and actionable invasion of Plaintiff's privacy, which conduct has damaged Plaintiff, entitling Plaintiff to an award of damages, compensatory and punitive, against Defendants.

## COUNT FIVE

55.     Plaintiff restates and reiterates herein all previous paragraphs.

56.     As the principal of its agents, Unknown Persons, Company is liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Unknown Persons.

**WHEREFORE**, Plaintiff, Trina Lynn Webb, by counsel, demands relief against the Defendants, Bob Smith Chevrolet, Inc. and Unknown Persons, as follows:

A.    Under Count One, a judgment against the Defendants in an amount equal to any actual damages sustained by the Plaintiff.

B.    Under Count Two, a judgment against the Defendants in an amount equal to any actual damages sustained by the Plaintiff or damages of not less than $100.00 and not more than $1,000.00, and such amount of punitive damages as are deemed fair and just by the trier of fact.

C.    Under Count Three, a judgment against the Defendants, Unknown Persons, in an amount equal to the sum of any actual damages sustained by the Plaintiff or $1,000.00, whichever is greater, and such amount of punitive damages as are deemed fair and just by the trier of fact.

D.    Under Count Four, a judgment against the Defendants in an amount equal to any actual damages sustained by the Plaintiff, and such amount of punitive damages as are deemed fair and just by the trier of fact.

E.    Under Count Five, a judgment against the Defendant, Company, for any and all damages and amounts awarded against Unknown Persons.

F.    Interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

G.    Trial by jury on all issues so triable.

H.    Under Counts One, Two, Three, and Five and as required under the FCRA, an award of attorneys' fees and costs herein incurred.

I.    Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

BOROWITZ & GOLDSMITH, PLC

By: _____

DAVID B. MOUR
Suite 1100, One Riverfront Plaza
Louisville, Kentucky 40202
(502) 584-7371
Counsel for Plaintiff

11