UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-66-H

TRINA LYNN WEBB                                                                              PLAINTIFF

V.

BOB SMITH CHEVROLET, INC., et al.                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Trina Lynn Webb alleges that Defendant Bob Smith Chevrolet, Inc. ("Smith Chevrolet") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* and invaded her privacy in violation of Kentucky common law.[1]  Plaintiff contends that Smith Chevrolet violated the FCRA on two separate occasions: on July 18, 2001, when Smith Chevrolet requested Plaintiff's criminal history and again on September 28, 2002, when Smith Chevrolet requested Plaintiff's credit report.  Plaintiff has moved for summary judgment on the issue of whether Smith Chevrolet lacked a permissible purpose for accessing her credit report as required by § 1681b(f) of the FCRA.  Smith Chevrolet has moved for summary judgment on all claims.  The Court will consider each motion in turn.

I.

This action arises out of an employment relationship between Plaintiff and Smith Chevrolet.  Smith Chevrolet is a car dealership.  Plaintiff was employed as a salesperson on and

---

[1] Plaintiff's Complaint against Joseph Kenneth Borders and against KBI, Inc. was dismissed with prejudice on the basis that the parties had reached a settlement of all claims. *Order of the Court, June 2, 2005.*

off from July, 2001 until April, 2003. Plaintiff began her first of four periods of employment on July 18, 2001. On her employment application, Plaintiff declined to sign an "Applicant's Statement" authorizing Smith Chevrolet to investigate her driving record, criminal record, and credit history. Nevertheless, on the same day she was hired, Smith Chevrolet requested and obtained her criminal background check from former defendants Borders and KBI, Inc. On September 28, 2002, the day before Plaintiff was to begin her third period of employment, someone at the dealership accessed her credit report.

Plaintiff did not give Smith Chevrolet permission to access her credit report in any employment application. The computer code used to access her report belonged to Kent Donahue, another Smith Chevrolet salesperson. He has testified, however, that he was not physically present at the dealership that day and could not have accessed Plaintiff's credit report. The only other persons present at the dealership that day with access to the credit reporting system were Dave Neely and Bob Harvey, both employees of Smith Chevrolet at the time who have since denied accessing Plaintiff's credit report. On February 3, 2004, Plaintiff filed her original complaint in this case alleging violations of the FCRA and Kentucky common law with respect to the September 28, 2002 credit report access. On August 13, 2004, after receiving discovery material from Smith Chevrolet, Plaintiff amended her complaint to include allegations with respect to the July 18, 2001 criminal background check.

II.

Plaintiff contends that Smith Chevrolet violated the FCRA on September 28, 2002, when it accessed her credit report. *See* 15 U.S.C. § 1681o (creating a private cause of action for negligent violations of the FCRA); 15 U.S.C. § 1681n (creating a private right of action for

willful violations). Smith Chevrolet may access Plaintiff's credit report only if, as a matter of law, its actions are consistent with one of the permissible purposes set forth in 15 U.S.C. § 1681b. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808 (W.D.Ky. 2003). Once a permissible purpose is articulated Smith Chevrolet must comply with other provisions of the statute regulating access to a consumer's credit report. These provisions ensure that the consumer has some privacy as to their credit information. Plaintiff contends that whoever accessed her credit report on September 28, 2004, did so without a permissible purpose.

Smith Chevrolet responds that it has circumstantial evidence from which a reasonable jury might infer that Plaintiff gave Smith Chevrolet explicit authorization to access her credit report. Smith Chevrolet's theory of this case is that Plaintiff either verbally authorized a Smith Chevrolet employee to access her credit report or that Plaintiff accessed the report herself. In support of its theory, Smith Chevrolet offers the following circumstantial evidence: 1) the credit report access occurred during the morning hours of Saturday, September 28, 2002; 2) the access was accomplished using the access code of Kent Donahue, a Smith Chevrolet employee not present at the dealership on that day; 3) Bob Harvey, a former Smith Chevrolet employee, was present at the dealership that morning and was able to access credit reports from his office; 4) Plaintiff met with Harvey in his office for 2.5 hours when the credit report might have been accessed; and 5) Plaintiff was in the process of trying to obtain credit from various lenders just prior to the time of the access.

A.

As the non-movant on this issue of permissible purpose, Smith Chevrolet must only present evidence such that "a reasonable jury could return a verdict for the non-moving party."

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Its theory is that Plaintiff herself accessed her credit report from the dealership's computer for her own purposes. Other than pure speculation about the theoretical possibility of this occurring, the Court finds nothing to support such an argument. Nevertheless, the jury must still find that more likely than not some Smith Chevrolet employee accessed the credit report and did so without a permissible purpose. While Smith Chevrolet's theory is completely unconvincing, Plaintiff's motion for summary judgment on the issue of liability must be denied at this time.

B.

Smith Chevrolet argues in its own motion for summary judgment that it should not be held vicariously liable where the person who accessed her credit report is unknown to the Plaintiff. An FCRA claim arising out of the September 28, 2002 credit report access, Smith Chevrolet argues, should be dismissed because Plaintiff has failed to show any basis for Smith Chevrolet's vicarious or direct liability. The Court respectfully disagrees. Plaintiff need not identify specifically which one of Defendant's many employees accessed Plaintiff's credit report.[2] The evidence soundly supports the conclusion that one of them did. The controlling law provides that vicarious liability will be imposed under the FCRA where 1) an employer expressly or implicitly authorized access; 2) an employee acted within the scope of his employment for the employer's benefit; or 3) an employee acted with apparent authority and was

---

[2] Smith Chevrolet relies on *Ausherman v. Bank of America Corp.*, 352 F.3d 896 (4th Cir. 2003) for the proposition that it may not be held vicariously liable for the unknown person who used the code to obtain the reports. The Fourth Circuit expressed concern in FN 5 of that case that "to extend the reach of apparent authority in this case would effectively render a subscriber strictly liable any time a code supplied to it by a credit reporting service is used." *Id.* at 901. The facts in this case are easily distinguishable. In *Ausherman*, the plaintiff could identify no specific employee or group of employees who had exercised apparent authority. To call the employee responsible in this case "unknown" is misleading. Plaintiff has specifically identified several employees who had access to the credit information. The fact that there is evidence from which a jury could infer that more than one of them accessed the report does not preclude any one of their actions from giving rise to vicarious liability.

aided in the agency relation. *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). There is evidence to support a finding of liability in this case under each of these three theories. At very least, a jury could find that Smith Chevrolet created an appearance of authority that caused the credit reporting agency to believe that the person using Kent Donahue's access code had made a proper request for a permissible purpose. *Id.* at 966. Defendant's motion for summary judgment on the issue of vicarious liability is, therefore, denied.

C.

Smith Chevrolet argues that Plaintiff's claims for punitive damages and for willful violation of the FCRA under § 1681n should be dismissed because Plaintiff has failed to create a genuine issue of material fact with respect to those claims. The record contains facts from which a reasonable jury could find a willful violation of the FCRA. Specifically, Smith Chevrolet includes in its employment application a section requesting the employee authorize a credit and criminal history check in writing. While Plaintiff declined to sign this section of her employment application it suggests Smith Chevrolet knew of its obligations under the FCRA. If Smith Chevrolet is found to be liable under the FCRA, Plaintiff has created an issue of material fact with respect to the issue of willful noncompliance. Smith Chevrolet's motion for summary judgment on Plaintiff's claims for punitive damages is, therefore, denied.

III.

Smith Chevrolet's motion for summary judgment with respect to the criminal background check presents a closer question. Smith Chevrolet argues that Plaintiff's amended complaint filed in August, 2004 and alleging FCRA violations that took place in July, 2001 is time-barred

pursuant to § 1681p. Plaintiff contends that the amended complaint relates back to the timely filed original complaint and is thus timely. In order to relate back to the filing of an original complaint, the amended complaint must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). The claims regarding the July 18, 2001 criminal background check Plaintiff includes in her amended complaint arise out of an entirely separate occurrence involving a separate period of employment with Smith Chevrolet. While both complaints allege violations of the FCRA, the two incidents are distinct.

Finding that the claim does not relate back, the Court must decide which version of § 1681p applies to this claim. The current version of the FCRA statute of limitations enacted by Congress on December 4, 2003, and effective beginning March 31, 2004, provides that a claim under the FCRA must be brought not later than the earlier of: "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Prior to the 2004 implementation of the five year statute of limitations with the two years after discovery provision, however, § 1681p provided that:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where defendant has materially or willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

2003 Amendments, 15 U.S.C. § 1681p; Pub.L. 108-159, § 156. Plaintiff discovered the basis

for the claim only as a result of this lawsuit. Any delay was not the result of a misrepresentation on Smith Chevrolet's part. Under the older 2 year statute of limitations, Plaintiff's amended complaint is time-barred but under the current expanded 5 year statute of limitations, Plaintiff's August, 2004 claim alleging a violation of the FCRA that occurred in July, 2001 is timely. Importantly, Plaintiff's claim that accrued in July, 2001 expired in July, 2003 under the older version months before the newer version extending the period of limitation became effective in March, 2004.

A statute may not be applied retroactively absent a clear indication from Congress that it intended such a result. *Jones v. Fidelity & Columbia Trust Co.,* 73 F.2d 446 (6th Cir. 1934). Moreover, under Kentucky law, the rule against retroactive application of statutes is to be strictly construed. *Sparks v. Craft*, 75 F.3d 257 (6th Cir. 1996)(Kentucky); KRS § 446.080(3). Generally speaking, the controlling law is that in effect on the date of the injury. Some statutes that relate to remedies or modes of procedures are excepted from the general rule. *Peach v. 21 Brands Distillery*, Ky. App., 580 S.W.2d 235, 236 (1979)(internal citations omitted). Where, as here, Congress has not expressly prescribed a statute's temporal reach, it is necessary to determine whether the statute will have a retroactive effect. At issue is whether an expansion of the time in which an FCRA claim may be brought affects a vested right or is merely procedural, *i.e.,* affecting the remedy available for an already vested right. Kentucky courts provide some guidance on this point. As the Kentucky Supreme Court recently instructed, "limitations on the time for taking action relate to the remedy and may be enlarged or restricted with impairing vested rights." *Johnson v. Gans Furniture Industries, Inc.,* Ky., 114 S.W.3d 850854-855 (2003)(citing *Stone v. Thompson*, Ky., 460 S.W.2d 809, 810 (1970)). "Although an amendment

that extends the period of limitation may be applied to a claim in which the period as not already run, it may not be applied to a revive a claim that has expired without impairing vested rights." *Id.* (citing *Beth-Elkhorn v. Thomas*, Ky., 404 S.W.2d 16 (1966); *Kiser v. Bartley Mining Co.*, Ky., 397 S.W.2d 56 (1965)). Kentucky law appears consistent with the prevailing law elsewhere. Plaintiff has cited no authority, Kentucky or otherwise, that leads us to a different conclusion. The FCRA claims Plaintiff asserts in connection with the criminal background check Smith Chevrolet conducted July 18, 2001, are therefore dismissed as time-barred.

IV.

Smith Chevrolet asks the Court to dismiss Plaintiff's state law claims for invasion of privacy, or intrusion upon seclusion, on the basis that they are preempted pursuant to § 1681h(e) of the FCRA. Because the statutory scheme is extensive, provides standards for compliance, and avenues for enforcement, Smith Chevrolet argues, the Federal FCRA preempts the field when it comes to enforcement of its mandates concerning access and dissemination of credit reports. Smith Chevrolet cites as evidence of this preemption § 1681h(e) of the FCRA, which provides that:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Plaintiff responds that the provision only applies to claims based on §§ 1681g, 1681h, or 1681m of the FCRA and her claim is based on §1681b(f). The Court concludes

that neither party is quite right.[3]

Section 1681h(e) suggests not that Congress has limited actions brought in all areas regulated by the FCRA but that defendants will have qualified immunity from actions based on information disclosed pursuant to certain provisions of the FCRA. As this court noted in *McAnly v. Middleton & Reutlinger, P.S.C.*, 77 F.Supp.2d 810, 814 (W.D.Ky., 1999), "section 1681h(e) is not actually a preemption provision. Rather, it is a *quid pro quo* grant of protection for statutorily required disclosures. Since various parts of the federal statute require consumer reporting agencies and information users to disclose information to consumers under certain circumstances, this section guarantees that the agencies or users cannot be sued for those required disclosures under state tort law. It makes sense that acts required to be done by the FCRA are immunized from state tort liability." Moreover, in this case there is no allegation that Plaintiff's invasion of privacy claims are based on information disclosed pursuant to 15 U.S.C. §§ 1681g, 1681h, or 1681m. Indeed, by the plain language of § 1681h(e), the heightened standard of malice or willfulness is only applicable to actions based on disclosures pursuant to 15 U.S.C. §§ 1681g, 1681h, or 1681m, or "by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 15 U.S.C. § 1681h(e). Without one of these mandatory disclosures of information that then forms

---

[3] This confusion is to some degree entirely understandable. The Sixth Circuit has not considered the construction of § 1681h(e) but several other circuits have. Smith Chevrolet relies on an interpretation in *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631 (5th Cir. 2002), that suggests the FCRA preempts all state law invasion of privacy claims unless the Plaintiff shows malice or willful intent to injure. *Id.* at 638. The court in *Young* as well as Smith Chevrolet rely on *Thorton v. Equifax, Inc.*, 619 F.2d 700 (8th Cir. 1980). The Eighth Circuit held that "[i]n a defamation action pursuant to proper disclosure under the [FCRA], the [FCRA] can be said to preempt the state's common law at least to the extent that a qualified immunity exists and the standard of "malice or willful intent to injure" must be met by complainant to overcome this immunity." *Id.* at 703. In this case there is no proper disclosure involved and the language of statute itself supports the conclusion that state law claims are not limited.

the basis for a state law claim, Smith Chevrolet's qualified immunity defense is not triggered. *Johnson v. Citimortgage, Inc.,* 351 F.Supp.2d 1368, 1376-1377 (N.D.Ga., 2004).

Alternatively, only § 1681m of the three "triggering" provisions addresses the conduct of users of consumer information.[4] That section addresses disclosures required after a consumer information user takes an adverse action against a consumer based on the consumer's credit report. While Smith Chevrolet is a user of consumer information, in this case there is no allegation that Smith Chevrolet took an adverse action against Plaintiff. Qualified immunity under § 1681h(e) is thus unavailable to this defendant. Under either reasoning, the necessity of malice or willful intent is removed. Accordingly, § 1681h(e) does not preclude Plaintiff's invasion of privacy claims.

V.

Finally, Smith Chevrolet moves to dismiss Plaintiff's state law claim for invasion of privacy in connection with the July 18, 2001 criminal background check on the grounds that Plaintiff had no expectation of privacy in the public records of arrests. Under Kentucky law, invasion of privacy claimants must show that a defendant intruded into a personal matter by a means or method which would be objectionable to a reasonable person. *McCall v. Courier-Journal and Louisville Times Co.,* Ky., 623 S.W.2d 882, 887 (1981)(adopting Restatement (Second) of Torts Sec. 652B (1976)). What constitutes a private matter is dependent upon whether the Plaintiff has a reasonable expectation of privacy in the subject information. *Id.* A person's arrest record while sensitive is not in a legal sense private. There is no reasonable expectation of privacy in the public records kept by the Kentucky Administrative Office of

---

[4] FCRA §§ 1681g and 1681h apply only to consumer reporting agencies, and Plaintiff makes no allegation that Defendant is such an entity.

Courts. Plaintiff's claim for invasion of privacy, or intrusion upon seclusion, with respect to the July 18, 2001 criminal background check is, therefore, dismissed.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record